CAUSE NO._____

| | | |
|---|---|---|
| **LAKITA CARR INDIVIDUALLY AND AS REPRESENTATIVE OF ESTATE OF DARRALL THOMAS, ANGELINA LEFFYEAR, AS NEXT FRIEND FOR D.T., JR.,** | § § § § § | **IN THE CIVIL DISTRICT** |
| *PLAINTIFFS,* | § § § | **_____ JUDICIAL DISTRICT** |
| **VS.** | § § | |
| **THE CITY OF SPRING VALLEY VILLAGE, THE CITY OF HEDWIG VILLAGE, MEMORIAL VILLAGE, AXON, (FORMALLY TASER INTERNATIONAL), JOSEPH DARREHSHOORI, IN HIS INDIVIDUAL CAPACITY; TRENT B. WOOD IN HIS INDIVIDUAL CAPACITY; NATHAN FRAZIER, IN HIS INDIVIDUAL CAPACITY; RICHARD ANTONIO HERNANDEZ, INDIVIDUAL CAPACITY; CARLOS PINEDA, INDIVIDUAL CAPACITY; ERIC SILLIMAN, INDIVIDUAL CAPACITY; MANNY AGUILAR, INDIVIDUAL CAPACITY; DONALD NOWLIN, INDIVIDUAL CAPACITY; AND MARK STOKES INDIVIDUAL CAPACITY; AND JERRY HANSON, INDIVIDUAL CAPACITY** *DEFENDANTS,* | § § § § § § § § § § § § § § § § § § § § § § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE



1. Lakita Carr Individually and as Representative of Estate of Darrall Thomas, and Angela Leffyear, as next friend for DT the minor son of Darrall Thomas. ["Plaintiffs"] respectfully comes before this Honorable Court complaining negligence, and violations pursuant to 42 U.S.C. § 1983 that Defendants herein (1) acted under color of state law in a deliberately indifferent manner, (2) denied Mr. Thomas his right to be free from excessive force while knowingly depriving him of due process, (3) deprived Darrall Thomas, the decedent, of his clearly established constitutional rights to (a) remain free from excessive force, and (b) due process, and (c) cruel and unusual punishment, and (4) that Defendant's actions caused decedent's injuries and death, against defendants, The City of Spring Valley Village (CSVV), The City of Hedwig Village(HV), Memorial Village (MV) Spring Branch ISD (SBISD) (Collectively "The Villages"), Axon, (formally Taser International), Joseph Darrehshoori, in his individual capacity while acting under color of law; T.B. Wood in his individual capacity while acting under color of law; Nathan Frazier, in his individual capacity while acting under color of law; Richard Antonio Hernandez, in his individual capacity while acting under color of law; Eric Silliman, in his individual capacity while acting under color of law; Manny Aguilar, in his individual capacity while

acting under color of law; Donald Nowlin, in his individual capacity while acting under color of law; and Mark Stokes in his individual capacity while acting under color of law; and Jerry Hanson, in his individual capacity while acting under color of law.

In support thereof, Plaintiff specifically alleges the following:

## DISCOVERY CONTROL PLAN

Discovery shall be conducted on Level III.

## I. NATURE OF THE ACTION

1. This suit arises under the Constitution of the United States (particularly the Fourth and Fourteenth Amendments to the Bill of Rights), 42 U.S.C. § 1983. Plaintiffs assert Defendants The City of Spring Valley Village (CSVV), The City of Hedwig Village(HV), Memorial Village (MV) Spring Branch ISD (SBISD) (Collectively "The Villages"), deprived Mr. Thomas of his right to: (a) remain free from excessive force; (b) remain free from arbitrary punishment; and (c) protection. In addition, Plaintiff asserts Defendants, Axon, The City of Spring Valley Village, T.B. Wood, and Joseph Darrehshoori's gross Negligence in use of the conducted electrical

weapons[devices]" (CEW[D]s). Plaintiff, Mr. Thomas did not have a weapon in his possession or near him.

## I.  PARTIES

2. Plaintiff, Lakita Carr Individually and as Representative of Estate of Darrall Thomas.
3. Angelina Leffyear, as next friend for DT.
4. Defendant, City of Spring Valley, Texas
5. Defendant, City of Memorial Village, Texas
6. Defendant, City of Hedwig Village, 955 Piney Point Rd. Houston, Texas 77024
7. Defendant, Spring Branch ISD
8. Defendant, Axon, Registered Agent CT Corporation System 2 N Jackson St Ste 605 Montgomery, AL 36104-3821
9. Defendant, Officer Darrehshoori, J. 10910 Gold Point Dr APT 705 HOUSTON, TX 77064-7083
10. Defendant, Officer Woods, Trent. B Spring Valley Police Dept.
11. Defendant, Officer Pineda, Carlos. of Spring Valley PD
12. Defendant, Officer Frazier, Nathan of Hedwig Village Police Dept. 7311 Raton St. Houston, Texas 77055
13. Defendant, Officer Hernandez, Reginald of Hedwig Village Police Dept. 10300 Cypresswood Dr APT 1425 Houston, Texas 77070
14. Defendant, Sergeant Mark Stokes of Memorial Village Police Dept.
15. Defendant, Officer Nowlan, Donald. of Memorial Village PD
16. Defendant, Officer Sandford, Steve of Hedwig Village PD
17. Defendant, Officer Silliman, Eric of Memorial Village PD
18. Defendant, Corp. Hanson, Jerry of Spring Branch ISD PD
19. Defendant, Williams Scott, Jerry of Spring Branch ISD PD

## II.  JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's state law claims Texas Tort Claims, Negligence, and Product Liability claims and supplemental jurisdiction over the federal claims, under the Civil Rights Act of 1871 pursuant to 28 U.S.C. §§1331 and 28 U.S. C. §1343. Jurisdiction under *Haywood v. Brown,* 556 U.S. 729,731 (2009); *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 506-07 (1982) This suit involves declaratory and monetary relief totaling $1,000,000, or more excluding court costs, prejudgment interest, and attorney fees.

This State Court has jurisdiction to hear the merits of Plaintiff's claims because Plaintiff's suit arises under 42 U.S.C. § 1983.

This Court also has jurisdiction to hear the merits of Plaintiff's claims regarding 42 U.S.C. § 1988 because these claims arise under federal law and relate to the deprivation of civil rights.

Venue is proper  in Harris County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in  Houston Harris County, Texas.

All conditions precedent have been performed or have occurred.

# FACTS

1. Plaintiff, Lakita Carr, is the mother of decedent Darrall Thomas.

2. Plaintiff, Darrall Deonta' Thomas Jr., is the minor son of decedent Darrall Thomas.

3. Darrall Thomas was a 21 year old Black male.

4. Darrall Thomas was born in July 1994.

5. On May 31, 2016, Mr. Thomas died[1] due to Spring Valley ISD Police Department's officer Joseph Darrehshoori improper and unreasonable use of a conducted electrical device (CED) or commonly named tasers.

6. On May 31, 2016, Mr. Thomas was detained in a creek by officers from various Village police departments, including Hedwig Village PD, Memorial Village PD, Spring Branch ISD, and Spring Valley Village PD.

7. The creek was located down a hill behind the village veterinary clinic at 8785 Gaylord Drive, Houston, TX 77024.[2]

8. Defendant Joseph Darrehshoori, of Spring Valley Village PD, arrived on the scene alone and first.

---

[1] Dr. Alex John ruled Mr. Thomas's death accidental. An independent autopsy is pending.
[2] However, the EMS arrived and found Darrell Thomas unresponsive at 8901 Gaylord Drive, Houston, TX 77024

9. Darrall Thomas detained by Darrehshoori when T.B. Wood arrived.

10. Next officer asked "Darrall who was all out there?" Darrall responded, then the officer stated "toss him down that hill."

11. The autopsy described Darrall Thomas as 250lbs, 6' 9", having abrasions over his body. Although, abrasions were found across Mr. Thomas's body but the doctors did not believe the abrasions were the cause his death.

12. Officers, Darrehshoori and Wood, next claimed Darrall was handcuffed and not able to climb up the hill.

13. The officer on the scene, Darrehshoori, used force in the form of a CED, but failed to allege Darrall had resisted, threaten the officers or others, or tried to evade (after he surrendered).

14. Officers, Darrehshoori and Wood, further claimed they both went into the creek to assist the handcuffed Darrall up the hill.

15. Silliman, arrived on the scene and assisted Darrehshoori and Wood in their efforts to get the compliant Darrall Thomas out of the creek and soon after Village Fire arrived on scene, Don Swinner - Captain, Jordan Baker-Operator, Jose Montalvo- Fire Medic, Kyle Gruber- Fire Medic, David Langenberg- Battalion Chief, Erich Burrer- Captain, Kenny

Macleodoperator, Jason Kendall- Fire Medic, Cody Seymour- Firefighter, Anthony Randolph- Fire Medic, and Kory Young- Fire Medic.

16. Medic, K. Young requested an officer take the handcuffs off of Darrell Thomas, so Officer Silliman assisted by removing the handcuffs.

17. Village Fire assessed the scene and made arrangements to remove Mr. Thomas from the incline using a basket. Mr. Thomas was pulled out of the incline and onto flat ground, according to Darrehshoori.

18. Mr. Thomas was then carried from the grass by Officer C. Pineda, N. Frazier and Darrehshoori. Mr. Thomas was then placed on the ground.

19. Mr. Thomas had been in custody of the Memorial Villages Police Department, Spring Branch ISD Police Department, Village Fire Department, Hedwig Village Police Department, and Village Fire EMS on May 31, 2016 at the time of his death.

20. At the time of his arrest, Mr. Thomas was not under a physician's care for any medical issues or disabilities.

21. Mrs. Lakita Evans-Carr, Darrall Thomas's mother asked Memorial Hermann Hospital Dr. Tucco what happened to her son, the doctor pointed at officer Hernandez and stated they found him like that.

22. Officer Hernandez stated Darrall Thomas could have Asthma, however, Mr. Thomas did not suffer from Asthma.

23. Mr. Thomas had no preexisting conditions.

24. Dr. Tucco said Mr. Thomas suffered cardiac arrest.

25. After use of the CED, Mr. Thomas informed the Defendants, Hedwig Police Department, Memorial City police Department, Spring Branch ISD Police Department, Hedwig Fire Department, Hedwig EMS personal that he could not breathe, according to reports[3] by the agencies and officers.

26. At no time during Mr. Thomas's custody did he make any sudden movements, nor did he react violently to the police, pose a threat or failed to follow officers commands.

27. No officer on scene, at anytime, indicated fear for their lives, the safety of others and the safety of Mr. Thomas;

28. Yet Officer Darehshori of the Spring Valley Police Department fired----- CED at Darrall Thomas and in doing so exercised excessive force against Mr. Thomas.

---

[3] There were several reports from each responding agency, obtain by public information act request, and each officer involved, including Houston Police Dept. Homicide but each is is strife with contradictions on the accounts of what happened the night of of Darrall Thomas's death.

29. On May 31, 2016, at 2:16 am, Mr. Thomas surrendered to Spring Valley Village police officer Dareshori. Upon surrender Officer Dareshoori used unnecessary excessive force against Mr. Thomas when he shocked him; at 2:28 am, Spring Valley Village officer Darehshori notified dispatch that all attempts to remove Mr. Thomas from the creek failed;

30. At 2:33 am, Village Fire Department personnel arrived on scene to assist trying to get Mr. Thomas out of the creek that he was pushed into by officers.

31. Over 20 minutes later at 2:55 am, Mr. Thomas was pulled from the steep banks of the creek onto flat ground with the assistance of Village Fire Department.

32. According to records, at 3:01 am, Village Fire Rescue arrived on scene to examine the suspect who was handcuffed face down on the ground and were asking him questions when a female paramedic Kory Young stated, "He is not breathing."

33. The paramedics began performing CPR on Mr. Thomas at 3:07 am, after he was place on a backboard. The paramedics noted, when placed on the backboard, Mr. Thomas was not breathing and no pulse was detected.

34. Mr. Thomas was rushed to Memorial Hermann Hospital at 3:13am, after being intubated while in route with a paramedic performing bag ventilation the whole time. At no time during the trip to the hospital was Mr. Thomas able to breath on his own.

35. Mr. Thomas was treated with Epi and Atropine on the way to Memorial Hermann Hospital ;

36. Village Fire Rescue arrived at Memorial Hermann Hospital at 3:25 am; Mr. Thomas was pronounced dead by Dr. Mary Tocco at 3:44am.

37. At all times relevant hereto, Defendant, Darrenshori, and Spring Valley PD, use of the Axon electronic weapon, what Axon calls "conducted electrical weapons[devices]" (CEW[D]s), to exercised excessive force against Mr. Thomas. Use of this device by Darrenshoori was the proximate cause of Mr. Thomas' death.

38. Axon admits its CED delivers as much as 135 microcoulombs upon first impact.

39. After a study, The Council on Science and Public Health raised concerns about use of CEDs fall into three general areas: (1) they are used too frequently and at lower levels on the use-of-force continuum than

indicated; (2) appropriate training and supervision of CED use is lacking in some jurisdictions; and (3) CEDs may contribute to the death of suspects, either directly or indirectly. It was important that the device be deployed according to an appropriate use-of-force policy, and used in conjunction with a medically driven quality assurance process.

40. Spring Valley Police Dept. is a jurisdiction lacking the training and supervision of CED use, and in turn Spring Valley Police Dept. officers are lacking the training and supervision of CED use by Axon, resulting in the unnecessary use of force, contributing factors to the death of Darrall Thomas.

41. The force was used although there was no need for the force. Mr. Thomas did not place the officer Joseph Darrehshoori in fear of his life, or fear of an immediate threat, a threat to others or himself, did not resist, nor evade arrest after he was detained to justify any use of force.

42. Defendant Darrehshoori failed to disclose use of force to the medical professionals on scene thus delaying and denying any necessary appropriate medical care, through use of the electronic weapon.

43. Although the Defendants believed Darrall Thomas had an asthma attack, the defendants again failed to disclose this information to medical personal.

44. Mr. Thomas did not have asthma.

45. The Village Fire and Rescue wasn't informed of any alleged asthma or breathing problems by any officer on the scene, Frazier, Hernandez, Stokes, Nowlin, Agular, resulting in the denial of medical care.

Defendant's acts and omissions with respect to use of force, failure to          a. deliberately indifferent;

      b. Violation of the Fourth Amendment's right to be free from unusual punishment as a pre-trial detainee;

      c. a violation of due process of law as guaranteed by the Fourteenth Amendment; Within the practice of the City of Spring Valley through its police department.


46. Defendants failure to disclose, and concealment of use of force were:

47. Defendant Spring Valley's policies and procedures to conceal use of force, resulting in the denial of medical care, and caused Mr. Thomas's death.

48. Village Fire Department stated claims of asthma suffered by Mr. Thomas was not revealed to them until after he was pronounced dead.

49. Darrall Thomas restraints. As Darrall Thomas was is in serious need of medical care, Darrell Thomas was restrained by handcuffs from one officer to another officer until the paramedic requested the handcuffs be removed.

50. Darrell Thomas was initially handcuffed by Officer Darrehshoori of Spring Valley Police Department and stated in report initial handcuffs were removed.

51. Following the initial removal of handcuffs, Mr. Thomas was again placed in handcuffs while still in Briar Branch Creek.

52. Handcuffs were again taken off Darrall Thomas by Officer Silliman of Memorial Village at the Village Fire Department's request.

53. Once out of the creek, Officer Hernandez and Officer Frazier of Hedwig Village Police Department placed Darrall Thomas in handcuffs until ordered by paramedics that they be removed for medical care.

### III.    CAUSES OF ACTION

### COUNT 1- NEGLIGENCE

54. The foregoing paragraphs are incorporated herein as if quoted verbatim.

55. Plaintiffs bring the following Negligence Claims under General Negligence, Products Liability claim, against Defendants, Axon, Joseph Darrehshoori, in his individual capacity and Trent B. Woods, in his individual capacity, jointly and severally; and, against Defendants, City of Spring Branch Village, Joseph Darrehshoori, in his individual capacity and Trent B. Woods, and in his individual capacity Under Section 101.023 of the Texas Tort Claims Act,jointly and severally.

56. Defendants, Axon, product a CED used by Joseph Darrehshoori, in his individual capacity and Trent B. Woods, in his individual capacity caused injury to Darrall Thomas due to the officer's foreseeable misuse of the product, Axon's inadequate training of the officers and cities, and poor supervision of the use of the product by Axon.

57. Defendants, City of Spring Branch Village, Joseph Darrehshoori, in his individual capacity and Trent B. Woods, and in his individual capacity are liable under Section 101.023 of the Texas Tort Claims Act, jointly and severally based on the negligent use of the tangle property of the City of Spring Branch Village, a CED, resulting in the cardiac arrest of Darrall Thomas.

## COUNT 2- WRONGFUL DEATH

58. The foregoing paragraphs are incorporated herein as if quoted verbatim.

59. Plaintiffs bring this wrongful-death action pursuant to Tex. Civ. Prac. & Rem. Code §71.004 (c.). Plaintiff is a resident of Harris County, Texas; decedent, at the time of death, was a resident of Harris County, Texas.

60. Pursuant to Tex. Civ. Prac. & Rem. Code §71.002, and Texas case and common law, Defendants are liable for their actions and their employee's actions, including their agents and officers.

61. Plaintiffs are the next of kin of the estate of Mr. Thomas ("decedent").

62. Mr. Thomas died following Defendants' deliberate indifference, wrongful act, neglect, and carelessness actions.

63. Mr. Thomas would have been entitled to bring this action against Defendants if he had lived.

64. A reasonable and competent member of the law enforcement profession would exercise under similar circumstances duties to:

   a. refrain from the use of excessive force, provide adequate medical care, not impose cruel and unusual punishment;

   b. Exercise ordinary or reasonable care;

    c. exercise the degree of care, skill, and competence that a reasonable

       officer would exercise. Defendants breached said duties.

65. Defendants' breach(es) caused injury and death to Mr. Thomas.

66. Plaintiffs seeks unliquidated damages within the jurisdictional limits of this

    Court.

### COUNT 2- SURVIVAL CLAIM

67. The foregoing paragraphs are incorporated herein as if quoted verbatim.

68. Pursuant to Tex. Civ. Prac. &Rem. Code §71.021, and Texas case and

    common law, Defendants are liable for their actions and their employee's

    actions, including their agents and officers.

69. Plaintiff is the legal next of kin of Mr. Thomas's estate.

70. Mr. Thomas had causes of action for personal injury to his person under the

    Texas Tort Claim act, Negligence statute, and 42 U.S.C. § 1983 before he

    died (see generally, supra).

71. Mr. Thomas would have been entitled to bring an action for the injury if he

    had lived.

72. Defendants' wrongful acts, jointly and severally, caused Mr. Thomas's

    injuries for which Plaintiff sues for all damages allowed by law.

### COUNT -3 42 U.S.C. § 1983

## FOURTEENTH AND FOURTH AMENDMENT-DUE PROCESS
## EXCESSIVE FORCE, INADEQUATE MEDICAL CARE

73. The foregoing paragraphs are incorporated herein as if quoted verbatim. At all times relevant hereto, Plaintiff had an inalienable and fundamental liberty interest protected by the Constitution.

74. Mr. Thomas had the right to be free from excessive force. The City of Spring Valley Village (CSVV), The City of Hedwig Village (HV), Memorial Village (MV) Spring Branch ISD (SBISD) (Collectively "The Villages"), and Spring Valley Village Police Department (SVVPD) Officers, and Officers, T.B. Wood, and Joseph Darrehshoori acted jointly and severally to violate Mr. Thomas's right to be free from excessive force because they promoted, adopted, and promulgated a policy of allowing its arresting officers to utilize excessive force when arresting and not interfering to prevent others from engaging in use of excessive force.

75. The Village officials did deliberately or recklessly violate Mr. Thomas's civil rights under the color of law when they a the excessive force against Mr. Thomas when he was struck with a CED used by Officer Darrehshoori of Spring Valley Village PD;

76. These deprivations of Mr. Thomas's civil rights under color of law occurred despite the Defendant's knowledge concerning Mr. Thomas's

   a.   Compliance

   b.   Not resisting arrest

   c.   Surrender to the police

   d.   Obeying commands

   e.   Not evading arrest

77. The City of Hedwig Village, Spring Branch ISD, Memorial Village, and The City of Spring Valley Village officials drew or must have drawn the inference that Mr. Thomas constitutional right to be free from excessive force was secondary to the desires of the violators of the constitutional rights of others through county policy, procedure, custom, or practice to encourage officers, as Officer Woods, T. B of Spring Valley Village Police Dept. here, to refuse to intervene when another officer is clearly engaging in excessive force.

78. The City of Hedwig Village, The City of Spring Valley Village, Hedwig Village, Spring Branch ISD were aware that Officer Darrehshoori, J. used excessive force relating to the apprehension of Mr. Thomas.

79. The City of Spring Valley Village, The City of Hedwig Village, Spring Branch ISD Police Department, and Memorial Village officials drew or must have drawn the inference that Mr. Thomas's need for medical care after use of excessive force was open and obvious.

80. The City of Hedwig Village officials drew or must have drawn the inference that Mr. Thomas required immediate medical care.

81. Therefore, Defendant, The City of Spring Valley Village knew of and deliberately disregarded an excessive risk of harm to Mr. Thomas's right to be free from excessive force by adopting the actions of its Defendant Joseph Darrehshoori.

82. Defendants' adoption and promotion of the policy and practice to allow its officers to also deliberately indifferent to Mr. Thomas's constitutional right to be free from excessive force.

83. Defendants' acts are repugnant to the conscience of mankind, thereby exposing them to liability.

84. Defendants, The Villages, and The Villages PD" officials are responsible for Mr. Thomas's injuries because The Villages Police Dept. officials policy-makers were sufficiently aware that its supervision, and training

policies, were defective, incomplete, or routinely ignored by its officers (at least) to the extent that they facilitated or permitted the excessive force against Mr. Thomas.

85. Defendants, The City of Hedwig Village, The City of Spring Valley Village, Spring Branch ISD, and Memorial Village were aware of facts from which they drew (or should have drawn) an inference that there was a substantial risk of serious harm to Mr. Thomas or someone similarly situated.

86. Defendants, The City of Hedwig Village, The City of Spring Valley Village, Spring Branch ISD, and Memorial Village action in promoting the excessive force against Mr. Thomas evidence a custom, policy, or procedure of excessive force, and deliberate indifference.

87. Defendants, The City of Hedwig Village, The City of Spring Valley Village, Memorial Village, and Spring Branch ISD are liable because they had a policy, procedure, or custom of ignoring open and obvious constitutional violations, namely excessive force.

88. Defendant T.B. Woods, is liable because he was deliberately indifferent to Mr. Thomas's constitutional right to be free from excessive force when he

stood by and allowed the excessive force by Darrehshoori to occur and continue without intervening.

89. Defendant Darrehshoori is liable because he was deliberately indifferent to Mr. Thomas's constitutional right to be free from excessive force

90. Inadequate Medical Care-Mr. Thomas was denied adequate medical care after he indicated he could not breathe. Instead he was handcuffed contributing to his injuries and damages. Neither officer performed CPR or any effort to assist or provide necessary medical care. The delay in providing CPR was a proximate and contributing cause to Mr. Thomas's injuries and resulting death.

**Equal Protection**

91. The police departments in the Villages have a culture of targeting and profiling blacks in the Village communities. A high ranking officer with MVPD, a Lt. was accused of making discriminating commits relating to black people coming in the "villages" that do not belong in the area, in a sworn affidavit. Blacks are more likely to be racially profiled, tased, shot or killed by law enforcement than non-blacks in the village communities for no criminal offense or minor infractions.

## COUNT 4- MONELL CLAIMS

92. Each of the Paragraphs in this petition is incorporated as if restated fully herein. As result of The City of Hedwig Village, Memorial Village, Spring Branch ISD, The City of Spring Valley Village customs, policies, and practices it encourages the above constitutional violations, and is thereby the moving force behind, the type of misconduct at issue by failing to adequately train, supervise, control and discipline its officers, including Darrehshoori and Woods such that its failure to do so manifests deliberate indifference by such officers.

93. As a matter of custom, policy and practice, Spring Branch ISD, Memorial Village, The City of Hedwig Village and The City of Spring Valley Village facilitates the very type of misconduct at issue by failing to adequately investigate, punish, train, and discipline prior instances of similar misconduct, thereby leading the Village police officers to believe their actions will never be meaningfully scrutinized.

94. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of The City of Spring Valley Village, The City of Hedwig Village, Spring Branch ISD Police Department, and Memorial

Villages violate the constitutional rights of individuals in a manner like that alleged by Darrall Thomas, herein, on a regular basis, yet the City of Hedwig Village, Spring Branch ISD, Memorial Village, and The City of Spring Valley Village investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

95. Due to The City of Spring Valley Village, The City of Hedwig Village, Spring Branch ISD Police Department, and Memorial Village policies and practices, and the unjustified and unreasonable conduct of the Defendants, Darrehshoori, and Woods, Plaintiff has suffered physical injuries, resulting in his untimely death.

96. The misconduct by the defendants described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others. In addition, the misconduct and excessive force described in the misconduct and excessive force described in this Count "shocks the conscience."

## COUNT 5-FAILURE TO SUPERVISE, FAILURE TO TRAIN

97. The City of Spring Valley Village and Axon defendants failed to supervise, or train the officers of Spring Valley Village police department on the use of the CED on persons, in the event the individual is compliant, non-threatening, and subject to further or unanticipated injury based on the location of the use (near a creek) on the person or premises.

98. Additional training or supervision would prevent injuries like the injuries Darrall Thomas suffered, cardiac arrest, and injury to his lungs occurring from the untrained and supervised actions of the Village officers.

## REQUEST FOR DISCLOSURE

99. Plaintiff requests Defendants, after being duly served with this petition, disclose the information in Tex. R. Civ. Pro. 192.3, within 50 days.

## JURY DEMAND

100. Plaintiff demands trial by jury on all issues triable to a jury.

## DAMAGES

101. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

102. Award damage to Plaintiff for the violations of his, state and United States. Constitutional rights.

103. Award prejudgment and post-judgment interest.

104. Finding that Plaintiff is the prevailing party here and award attorney's fees un 42 USC 1988, expert fees and costs, pursuant to state and federal law, as noted against defendants.

105. Pain and Suffering

106. Loss of companionship

*Punitive Damages*

107. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

108. All individuals sued are liable for punitive damages as they were deliberately indifferent to Mr. Thomas's constitutional rights and they did the acts knowingly, such acts, include recklessly striking Mr. Thomas with a taser after pushing him in the creek. These acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY FEES

109. After prevailing herein, Plaintiff is entitled to recover reasonable attorneys' fees and costs to enforce his Constitutional rights under 42 U.S.C. § 1983 and 1988 from Defendants.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure Rule 194.2 Plaintiff files

this request for disclosure.

## **PRAYER**

For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. compensatory damages;

b. presumed damages;

c. nominal damages;

d. reasonable attorney fees, expenses and costs, funeral expenses;

e. costs of suit; and

f. all other relief to which Plaintiff shows herself entitled, both at law and in equity.

g. Pain and suffering

Respectfully submitted,

By:/s/U.A. Lewis
The Lewis Law Group
U.A. Lewis
SBN: 24076511
FBN: 1645666
P.O. BOX 27353
HOUSTON, TX 77227
PHONE: (713) 570-6555
FAX: (713) 581-1017
MYATTORNEYATLAW@GMAIL.COM
ATTORNEYS FOR PLAINTIFF