IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKITA CARR, Individually and As Representative of the ESTATE OF DARRALL THOMAS, and ANGELINA LEFFYEAR, As Next Friend for D.T., JR., <br><br>　　　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF SPRING VALLEY VILLAGE; THE CITY OF HEDWIG VILLAGE; MEMORIAL VILLAGE, AXON (formerly TASER INTERNATIONAL); JOSEPH DARREHSHOORI, In His Individual Capacity; TRENT B. WOOD, In His Individual Capacity; NATHAN FRAZIER, In His Individual Capacity; RICHARD ANTONIO HERNANDEZ, In His Individual Capacity; CARLOS PINEDA, In His Individual Capacity; ERIC SILLIMAN, In His Individual Capacity; MANNY AGUILAR, In His Individual Capacity; DONALD NOWLIN, In His Individual Capacity; MARK STOKES, In His Individual Capacity; JERRY HANSON, In His Individual Capacity; and STEPHEN SANFORD, In His Individual Capacity,<br><br>　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-18-2585 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Lakita Carr and Angelina Leffyear, brought this action against numerous defendants for violation of civil rights

guaranteed by the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and for negligence, wrongful death, and survival claims under Texas law arising from the May 31, 2016, death of Darrall Thomas. On March 20, 2019, the court entered a Memorandum Opinion and Order (Docket Entry No. 15) granting motions to dismiss filed by defendants Spring Branch Independent School District ("SBISD"), Scott Williams ("Williams"), and Jerry Hanson ("Hanson") (collectively, "the SBISD Defendants") (Docket Entry No. 7), and by defendants Carlos Pineda ("Pineda"), Stephen Sanford ("Sanford"), Eric Silliman ("Silliman"), Donald Nowlin ("Nowlin"), City of Hedwig Village ("CHV") and City of Spring Valley Village ("CSVV") (Docket Entry No. 8); denying plaintiffs' requests to amend; and concluding that the claims asserted against all other defendants should be dismissed for want of prosecution under Federal Rule of Civil Procedure 4(m) because plaintiffs failed to file proofs of service for any defendants. On March 20, 2019, the court also entered a Final Judgment (Docket Entry No. 16) dismissing with prejudice the claims asserted against the defendants who had filed motions to dismiss and dismissing without prejudice the claims asserted against all other defendants. Pending before the court is Plaintiffs' Motion for New Trial, to Reinstate and Reopen Case ("Plaintiffs' Motion for New Trial") (Docket Entry No. 18), to which the SBISD Defendants have responded.[1] For the reasons stated

---

[1] SBISD Defendants' Response to Plaintiff's Motion for New Trial, to Reinstate and Reopen Case ("SBISD Defendants' Response"), Docket Entry No. 19.

below, plaintiffs' motion for new trial, to reinstate and reopen will be denied.

## I. Standard of Review

Plaintiffs' Motion for New Trial does not cite the legal authority pursuant to which plaintiffs seek relief. The timing of plaintiffs' motion challenging the court's ruling determines how their motion should be evaluated.

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam), cert. denied, 134 S. Ct. 57 (2013) (citing Texas A&M Research Foundation v. Magna Transportation, Inc., 338 F.3d 394, 400 (5th Cir. 2003)). Because the pending motion was filed on the twenty-eighth day after the Final Judgment was entered, the court will consider it under Rule 59(e).

Rule 59(e) motions "serve[] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004), cert. denied, 125 S. Ct. 411 (2005). A Rule 59(e) motion "'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence,

legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 478-79. Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." Id. at 479.

## II. **Plaintiffs' Motion for New Trial**

### A. Background

On July 25, 2018, this action was removed from the 281st District Court of Harris County, Texas, where it was originally filed on May 31, 2018, under Cause No. 2018-36505.[2] The Notice of Removal states that the following defendants were served, agreed to removal, and removed this action within thirty days of having been served: Sanford, CHV, CSVV, Silliman, Nowlin, and Pineda.[3] The Notice of Removal also states that "[n]o other Defendant has been served with process in the state action."[4]

On August 7, 2018, the court issued an Order for Conference and Disclosure of Interested Parties (Docket Entry No. 3, p. 2 ¶ 9) that included the following notice to the plaintiffs:

> Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. <u>The failure of plaintiff(s) to file proof of service within</u>

---

[2]Defendants' Carlos Pineda, Stephen Sanford, Eric Silliman, Donald Nowlin, City of Hedwig Village and City of Spring Valley, Notice of Removal, Docket Entry No. 1 and Exhibit B (state court docket sheet).

[3]Id. at 2 ¶¶ 3-5 and 7.

[4]Id. ¶ 6.

-4-

<u>90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative without further notice.</u>[5]

On August 22, 2018, plaintiffs filed Plaintiffs' Amended Complaint (Docket Entry No. 6).

On August 31, 2018, the SBISD Defendants appeared in this action by filing a motion to dismiss.[6] On September 21, 2018, plaintiffs filed a response to the SBISD Defendants' Motion to Dismiss in which they argued the adequacy of their amended complaint and asked for leave to amend if needed.[7] On September 28, 2018, the SBISD Defendants filed a reply.[8]

On September 5, 2018, the following six defendants filed a motion to dismiss: Pineda, Sanford, Silliman, Nowlin, CHV, and CSVV.[9] On September 26, 2018, plaintiffs filed a response to these six defendants' motion to dismiss in which they argued the adequacy

---

[5]Docket Entry No. 3, ¶ 9.

[6]Motion to Dismiss of Defendants, Spring Branch Independent School District, Scott Williams and Jerry Hanson ("SBISD Defendants' Motion to Dismiss"), Docket Entry No. 7.

[7]Plaintiff's Response to Defendants Spring Branch Independent School District's, Scott Williams's, and Jerry Hanson's Motion to Dismiss, Docket Entry No. 9.

[8]SBISD Defendants' Reply to Plaintiff's Response to Motion to Dismiss of Defendants Spring Branch Independent School District, Scott Williams and Jerry Hanson, Docket Entry No. 11.

[9]Defendants', Carlos Pineda, Stephen Sanford, Eric Silliman, Donald Nowlin, City of Hedwig Village and City of Spring Valley Village, Motion to Dismiss Claims Asserted in Plaintiffs' Amended Complaint, Docket Entry No. 8.

of their amended complaint and asked for leave to amend if needed.[10] On October 2, 2018, these six defendants filed a reply in support of their motion to dismiss.[11]

On March 20, 2019, the court entered a Memorandum Opinion and Order (Docket Entry No. 15) that granted the two motions to dismiss the claims that plaintiffs asserted in their Amended Complaint against six of the individual defendants (Hanson, Williams, Pineda, Sanford, Silliman, and Nowlin) and three of the municipal defendants (CHV, CSVV, and SBISD); denied the plaintiffs' requests for leave to amend; and concluded that the remaining claims asserted in Plaintiffs' Amended Complaint should be dismissed for want of prosecution under Federal Rule of Civil Procedure 4(m) because plaintiffs failed to file proof of service for any of the remaining defendants.[12] The court also entered a Final Judgment (Docket Entry No. 16) dismissing with prejudice the claims asserted against the defendants who had filed motions to dismiss, i.e., individual defendants Hanson, Williams, Pineda, Sanford, Silliman, and Nowlin, and municipal defendants CHC, CSVV, and SBISD; and

---

[10]Plaintiff's Response to Defendants Carlos Pineda, Stephen Sandford, Eric Silliman, Donald Nowlin, City of Hedwig Village, and City of Spring Valley Village Motion to Dismiss, Docket Entry No. 10.

[11]Defendants', Carlos Pineda, Stephen Sanford, Eric Silliman, Donald Nowlin, City of Hedwig Village and City of Spring Valley Village, Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Claims Asserted in Plaintiffs' Amended Complaint, Docket Entry No. 13.

[12]Memorandum Opinion and Order, Docket Entry No. 15, pp. 36-38.

-6-

dismissing without prejudice the claims asserted against the defendants for whom plaintiffs had not filed proof of service, i.e., City of Memorial Village ("CMV"), Axon, City of Spring Valley Village Officers Joseph Darrehshoori ("Darrehshoori") and Trent B. Wood ("Wood"), City of Hedwig Village Officers Nathan Frazier ("Frazier") and Richard Antonio (a/k/a Reginald) Hernandez ("Hernandez"), City of Memorial Village Sergeant Mark Stokes ("Stokes"), and Manny Aguilar ("Aguilar").

**B. Analysis**

On April 17, 2019, plaintiffs filed their pending motion for a new trial (Docket Entry No. 18). Asserting that defendants Darrehshoori, Wood, and Hernandez were, in fact, served with process,[13] plaintiffs

> request the court grant the Motion for New Trial, as to Defendants dismissed for want of prosecution, and City of Spring Valley Village to allow facts to come to light after Darrehshoori appears and answers, and reinstate the case on the court's docket with the defendants who have been served, but have failed to appear and answer the suit. Plaintiff[s] further pray[] the court allow Plaintiffs an extension in time to continue to effectuate service on the remaining Defendants Axon, Mark Stokes, Trent Wood, Nathan Frazier, under FRCP Rule 4(m).[14]

Plaintiffs argue that

> good cause exists for the inability to serve Axon, Mark Stokes, Trent Wood, Nathan Frazier, Spring Branch School District, Scott Williams, and Jerry Hanson in that efforts to serve each defendant was diligently made by

---

[13]Plaintiffs' Motion for New Trial, Docket Entry No. 18, p. 2 (citing Docket Entry Nos. 1 and 17).

[14]Id. at 4.

-7-

the Plaintiffs at the same time efforts to serve the
defendants who were successfully served. As such,
Plaintiff[s] respectfully request an extension of time to
serve these remaining defendants and reinstate the case
as to the served defendants.[15]

Federal Rule of Civil Procedure 4(m) authorizes a district court to dismiss a complaint if not timely served, unless good cause is shown for the failure. If good cause is shown, the district court must extend the time for service of process. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). "Good cause" normally requires some evidence of "'good faith on the part of the party seeking an enlargement [of time] **and** some reasonable basis for noncompliance within the time specified.'" Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995) (emphasis in original). Inadvertence, mistake, and ignorance of the rules usually do not suffice. Id. Even if good cause does not exist, the court has discretion to extend the time to serve a defendant upon a showing that such relief is justified. Thompson, 91 F.3d at 21.

As evidence that defendants Darrehshoori, Wood, and Hernandez were, in fact, served with process, plaintiffs cited Docket Entry Nos. 1 and 17. Docket Entry No. 1 is the Notice of Removal, which does not include any evidence that Darrehshoori, Wood, or Hernandez were served with process before removal. Instead, the Notice of Removal states that the following defendants were served, agreed to

---

[15]Id. at 3-4.

removal, and removed this action within thirty days of having been served: Sanford, CHV, CSVV, Silliman, Nowlin, and Pineda.[16] The Notice of Removal also states that "[n]o other Defendant has been served with process in the state action."[17] Docket Entry No. 1 therefore does not provide evidence that defendants Darrehshoori, Wood, and Hernandez were served with process.

Docket Entry No. 17 was filed on April 15, 2019, and consists of two documents titled "Officer/Authorized Person Return [of service]" for Plaintiffs' Original Petition and Request for Disclosure: (1) Officer/Authorized Person Return [of service] for Donald Nowlin dated August 10, 2018;[18] and (2) Officer/Authorized Person Return [of service] for Joseph Darrehshoori dated August 24, 2018.[19] Neither Docket Entry No. 1 nor Docket Entry Nos. 17 and 17-1 contain any evidence that plaintiffs ever attempted or perfected service of process on defendants Wood or Hernandez. The return of service filed for Joseph Darrehshoori shows, however, that the Citation was issued by the clerk of the state court on June 25, 2018, less than one month after this action was filed in state court on May 31, 2018, and one month before this action was removed on July 25, 2018. The return of service also shows that Darrehshoori was served with the state court Citation and Petition

---

[16]Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 3-5.

[17]Id. ¶ 6.

[18]Docket Entry No. 17.

[19]Docket Entry No. 17-1.

-9-

on August 24, 2018, almost one month after this action was removed from state court and two days after plaintiffs filed their amended complaint (Docket Entry No. 6) on August 22, 2018.

Plaintiffs have neither offered any explanation for their failure to timely provide a return of service for Darrehshoori to the court, nor have they argued that the return of service is newly discovered evidence or that it shows Darrehshoori has been properly served in compliance with Rule 4(m). Indeed, the evidence before the court indicates that service of the state court citation and petition on Darrehshoori on August 24, 2018, was not proper because by that date this action had not only been removed to federal court but plaintiffs had filed an amended complaint. Moreover, plaintiffs fail to offer any evidence showing that the amended complaint was ever delivered to Darreshoori.

Once a case is removed, it becomes subject to the Federal Rules of Civil Procedure. 28 U.S.C. § 1446; Fed. R. Civ. P. 81(c); Micromedia v. Automated Broadcast Controls, 799 F.2d 230, 233 (5th Cir. 1986). In a removed case where one of the defendants has not been served, "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. A split in authority exists in this district as to whether a plaintiff in a removed action may "complete" service on a defendant by using process obtained from the state court before the removal. Compare Alexander Technologies, Inc. v. International Frontier Forwarders, Inc., No. Civ. A. H-05-

2598, 2006 WL 3694517, at *1 (S.D. Tex. Dec. 14, 2006) (holding that service of state court citation served after removal was not sufficient to perfect service of process), with Minter v. Showcase Systems, Inc., 641 F. Supp. 2d 597, 599-602 (S.D. Miss. 2009) (holding that "the completion of state service of process . . . following removal to [federal] court" constitutes "proper service of process pursuant to 28 U.S.C. § 1448"). The only circuit court opinion that appears to have addressed the issue held that

> where the defendant has never been put on notice of the state court proceeding prior to removal[,] . . . the federal court cannot "complete" the state process by permitting it to be served after removal; rather[,] the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967). Because the case law shows a split of authority on the issue of whether a plaintiff in a removed action may "complete" service on a defendant by using process obtained from the state court before the removal, the court concludes that plaintiffs have failed to establish that the court's dismissal of the claims asserted against Darrehshoori constitutes a manifest error of law that entitles plaintiffs to Rule 59(e) relief.

Because plaintiffs have failed to show that the return of service for Darrehshoori filed on April 15, 2019, constitutes new evidence, or that Darrehshoori was been properly served with process such that the failure to reopen this action with respect to him would constitute a manifest error of law, the court concludes that plaintiffs have failed to establish that they are entitled to

-11-

Rule 59(e) relief. Accordingly, Plaintiffs' Motion for New Trial with respect to Darrehshoori will be denied.

Because the record before the court contains no evidence that plaintiffs made any attempt to perfect service of process or sought an extension of time to perfect service of process on any of the other defendants who were named but not served in this action before this action was dismissed, and because plaintiffs have failed to show that good cause existed for their failure to seek service of process on those defendants, Plaintiffs' Motion for New Trial with respect to them will be denied.

### III. Conclusions and Order

For the reasons stated in § II, above, Plaintiffs' Motion for New Trial, to Reinstate and Reopen Case (Docket Entry No. 18) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 25th day of April, 2019.

```
                              SIM LAKE
                    UNITED STATES DISTRICT JUDGE
```